Filed 10/10/13  In re Kemp CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re RANDY KEMP on Habeas Corpus. | C064821 <br><br> (Super. Ct. Nos. 09F06912, 10F01017) |

On October 20, 2009, petitioner Randy Kemp pleaded no contest to battery on a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)), and on November 17, 2009, he was sentenced to state prison for two years.  He was awarded presentence custody credits of 68 days for actual custody plus 34 days for good conduct.

Effective January 25, 2010, the Legislature amended Penal Code section 4019 to provide two days of conduct credit for every two days actually served to a class of prisoners deemed safe for early release from prison.[1]  But for the effective date of January 25, petitioner would be eligible to receive the increased rate for awarding conduct credits.

On February 8, 2010, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court seeking the retroactive application of the additional

---

[1] Senate Bill No. 3X 18, enacted during the 2009-2010 Third Extraordinary Session. (See Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.)

1

presentence conduct credits provided by the January 25 amendment. The court denied the petition on March 30 on grounds that petitioner's judgment became final prior to the effective date of the amendment and principles of equal protection were not applicable.

On April 26, 2010, petitioner filed a habeas corpus petition in this court, contending that notwithstanding the finality of his judgment prior to January 25, 2010, federal and California principles of equal protection required that the January 25 amendment be retroactively applied to him. We agreed with petitioner, and on January 27, 2011, we remanded the matter for the Director of Corrections to award petitioner the additional credits.

On April 13, 2011, the California Supreme Court granted review. On June 12, 2013, the California Supreme Court transferred the matter to this court with directions to vacate our prior decision and to reconsider the cause in light of *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), which rejected our equal protection analysis and concluded the new amendment was not retroactive prior to its effective date of January 25, 2010. (*Id.* at pp. 328-330.)

On June 19, 2013, we vacated our prior decision. Upon reconsideration of the cause, and in accordance with the holding of the California Supreme Court in *Brown*, we hereby deny the petition.

## DISPOSITION

The petition for writ of habeas corpus is denied.

　　　　　　　　　　　　　　　　　　　　　RAYE　　　　　, P. J.

We concur:


　　　　　BLEASE　　　, J.


　　　　　HULL　　　　, J.

2